IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02582-GPG

CARLOS GOMEZ,

    Applicant,

v.

WARDEN OF THE COLORADO TERRITORIAL CORRECTIONAL FACILITY, and CYNTHIA COFFMAN, Attorney General of the State of Colorado,

    Respondents.

## ORDER

    Applicant, Carlos Gomez, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Gomez initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Denver District Court case number 04CR1004. He also has filed a Motion for Stay and Abeyance (ECF No. 4). The court must construe the application and motion liberally because Mr. Gomez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Mr. Gomez asks the court in the Motion for Stay and Abeyance to stay these proceedings while he exhausts state remedies for a number of unexhausted claims. A district court has discretion to grant a stay and abeyance when an applicant has failed to exhaust state remedies for a particular claim. *See Rhines v. Weber*, 544 U.S. 269

(2005).   However, "stay and abeyance should be available only in limited circumstances."  *Id.* at 277.   A motion for a stay may be granted only if:   (1) the applicant has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that the applicant has engaged in intentionally dilatory litigation tactics.   *Id.* at 277-78.

The Motion for Stay and Abeyance will be denied without prejudice.   The court is unable to determine whether a stay is appropriate because Mr. Gomez has not included in the Application all of the claims he seeks to pursue in this action and he may not litigate his claims in piecemeal fashion.   In order for the court to determine whether a particular claim is exhausted or not, and whether the claim has potential merit sufficient to justify a stay under *Rhines*, the claim must be before the court in a proper pleading.   However, the court recognizes that Mr. Gomez is a *pro se* litigant and that his filings must be construed liberally.   Therefore, because Mr. Gomez apparently intends to pursue more claims in this action than are included in the Application, he will be given an opportunity to file an amended application.   If Mr. Gomez elects to file an amended application, the amended application will supersede the Application (ECF No. 1) now before the court.   Thus, Mr. Gomez must include in the amended application each and every claim he seeks to pursue in this action.   If Mr. Gomez elects to include in the amended application one or more claims for which he has not exhausted state remedies, he may file with the amended application a renewed motion seeking a stay and abeyance.

Mr. Gomez also is advised that, if he elects to file an amended application, he must provide a clear statement of the specific factual allegations that support each claim he

raises in the amended application. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Gomez must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual allegations in support of each asserted claim. Although the court must construe the pleading liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that the Motion for Stay and Abeyance (ECF No. 4) is denied without prejudice. It is

FURTHER ORDERED that Mr. Gomez shall have **thirty (30) days from the date of this order** to file an amended application if he elects to do so. It is

FURTHER ORDERED that Mr. Gomez shall obtain the appropriate, court-approved pleading form (with the assistance of his case manager or the facility's

legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Gomez fails within the time allowed to file an amended application, the court will proceed to review his claims in the Application (ECF No. 1) pending before the court.

DATED February 4, 2016, at Denver, Colorado.

BY THE COURT:

 

Gordon P. Gallagher
United States Magistrate Judge