IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02582-GPG

CARLOS GOMEZ,

    Applicant,

v.

RANDY LIND, Warden of the Colorado Territorial Correctional Facility, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

    Respondents.

## ORDER TO FILE AMENDED PRE-ANSWER RESPONSE

Applicant, Carlos Gomez, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Gomez initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Denver District Court case number 04CR1004. He also has filed a Motion for Stay and Abeyance (ECF No. 4). On November 30, 2015, the court ordered Respondents to file a Pre-Answer Response, and on December 16, 2015, Respondents filed their Pre-Answer Response (ECF No. 10). On January 5, 2016, Mr. Gomez filed his "Reply to Respondent[s'] Pre-Answer Response" (ECF No. 11).

On February 4, 2016, the court entered an order denying the Motion for Stay and Abeyance (ECF No. 4) without prejudice because Mr. Gomez did not include in the Application all of the claims he seeks to pursue in this action and the court could not determine whether stay and abeyance is appropriate without knowing what claims are being asserted. Therefore, the Court provided Mr. Gomez with an opportunity to file an

amended application that includes all of the claims he seeks to pursue in this action. The court also stated that, if Mr. Gomez elects to file an amended application that includes claims for which he has not exhausted state remedies, he may file a renewed motion seeking a stay and abeyance. On March 7, 2016, Mr. Gomez filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 14) and a renewed Motion for Stay and Abeyance (ECF No. 13).

As part of the preliminary consideration of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 14) filed March 7, 2016, in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that an Amended Pre-Answer Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file an Amended Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents also are directed to address in the Amended Pre-Answer Response whether the new claims in the amended application relate back to the original application and to include any arguments relevant to the Motion for Stay and Abeyance if they object to a stay and abeyance in this action. If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Amended Pre-Answer Response. Respondents may not file a dispositive motion as the Amended Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Amended Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of

all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Amended Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.   Applicant should include any information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court, and any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice.   Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondents shall file an Amended Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Amended Pre-Answer Response.

DATED March 9, 2016, at Denver, Colorado.

                                             BY THE COURT:

                                             s/ Gordon P. Gallagher
                                             United States Magistrate Judge